UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONNE LAMAR MARSH,

               Petitioner,               Case No. 1:09-cv-703

v.                                                        Honorable Janet T. Neff

MARY BERGHUIS,

               Respondent.
_____/

**OPINION**

       This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Devonne Lamar Marsh presently is incarcerated at the West Shoreline Correctional Facility. He currently is serving a term of two years, imposed by the Wayne County Circuit Court on May 28, 2008, after Petitioner pleaded guilty to one count of possessing a firearm during the commission of a felony. Petitioner did not seek leave to appeal his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court.

On June 11, 2009, Petitioner filed a complaint for writ of habeas corpus in the Muskegon County Circuit Court. The circuit court denied the writ on June 15, 2009, finding that Petitioner had failed to demonstrate a miscarriage of justice. The court also found that the judgment was not void and was subject to appellate review, barring the grant of habeas corpus. (6/15/09 Cir. Ct. Op. & Ord., Att. 4 to Pet., docket #1-6 at 2.) Petitioner has sought no other relief in the state courts. He filed the instant petition on or about July 27, 2009.

In the brief attached to his amended petition, Petitioner raises one ground for relief:

I. DID THE PEOPLE OF THE STATE OF MICHIGAN VIOLATE THE ACCUSED['S RIGHTS UNDER] U.S. CONSTITUTION AMENDMENT IV (ILLEGAL SEIZURE) BY FAILING TO GET A JUDICIAL DETERMINATION OF PROBABLE CAUSE AND A[N] ARREST WARRANT BY A NEUTRAL AND DETACHED MAGISTRATE, U.S. CONSTITUTION AMENDMENT V (DUE PROCESS) PROSECUTOR FILING A[N] INFORMATION TO SUBSTITUTE FOR A[N] ARREST WARRANT, U.S. CONSTITUTION AMENDMENT XIV (CITIZENSHIP RIGHTS NOT TO BE ABRIDGED BY STATES) THE PEOPLE OF THE STATE OF MICHIGAN DENIED THE ACCUSED DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE UNITED STATES CONSTITUTION.

## Discussion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner patently has failed to exhaust his state-court remedies. Notwithstanding his failure to exhaust, however, this Court retains the authority to deny the petition on the merits. *See* 28 U.S.C. § 2254(b)(2).

Petitioner claims that he was subjected to an unreasonable seizure under the Fourth Amendment when he was arrested without a warrant. He further claims that he was denied due process under the Fifth and Fourteenth Amendments when the prosecutor filed an information as a substitute for an arrest warrant. In support of his claim, he cites various provisions of Michigan law.

To the extent that Petitioner relies on Michigan law for his arguments, his claim is not cognizable on habeas review. The Court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that

point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

To the extent that Petitioner claims that his federal constitutional rights were violated when he was seized, arrested and prosecuted without a warrant, his claim is barred by his guilty plea. It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York*, 423 U.S. 61 (1975). A guilty plea constitutes a "break in the chain of events" leading up to it. *Tollett*, 411 U.S. at 267. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266 (holding that, after a criminal defendant pleads guilty, he may not challenge the constitutionality of the selection of the grand jury that indicted him). The only claims not barred by the guilty plea are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

Petitioner suggests that his claim is not barred by *Tollett* because the inadequacy of the affidavit supporting the warrant and complaint prevented the state court from acquiring jurisdiction over the matter. Petitioner's argument is without merit.

As with the Petitioner's challenge to the selection of the grand jury in *Tollett*, Petitioner's challenge to his seizure, arrest and detention without a warrant is a challenge to an antecedent event foreclosed by the entry of a guilty plea. *Tollett*, 411 U.S. at 266; *see also United States v. Anderson*, 293 F. App'x 960 (3d Cir. 2008) (applying *Tollett* and holding that entry of a guilty plea forecloses subsequent attack on adequacy of arrest warrant). Were the court to accept Petitioner's characterization of the issue as a jurisdictional one, the exception would swallow the rule of *Tollett*. *See United States v. Cordero*, 42 F.3d 697, 699 (1st Cir. 1999) (rejecting the appellant's characterization of a Fourth Amendment challenge to a search warrant as jurisdictional). Instead, a jurisdictional challenge under *Tollett* is limited to claims such as double jeopardy, which would completely bar a state from haling a defendant into court. *See Menna*, 423 U.S. at 62. No such jurisdictional defect is alleged here.

Therefore, Petitioner's challenge to his arrest and detention without a warrant is foreclosed by his guilty plea.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: September 18, 2009            /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge